UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| EDWARD LATKO, ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | No.: 16-cv-4277-JBM |
| ) | |
| DR. HUGHES LOCHARD, *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

## **MERIT REVIEW ORDER**

Plaintiff, proceeding pro se and detained in the Rushville Treatment and Detention Center, seeks leave to proceed in forma pauperis. The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). A court must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court grants leave to proceed in forma pauperis only if the complaint states a federal claim.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

# ANALYSIS

Plaintiff is civilly detained in the Rushville Treatment and Detention Center ("Rushville") pursuant to the Illinois Sexually Violent Persons Commitment Act, 725 ILCS 207/1, *et seq*. He files a 30-page complaint naming 48 defendants. These include staff and employees of Rushville, Culbertson Memorial Hospital, St. John's Hospital, Prairie Cardiovascular Consultants, Schuyler County Emergency Services, an Emergency Helicopter Service, not otherwise identified and the Department of Human Services ("DHS").

Plaintiff complained of pain in October and November 2015, and was diagnosed with acid reflux. He was treated for this at the Culbertson Hospital Emergency Room on at least one occasion. On a subsequent date, he complained of excruciating pain and was taken back to Culbertson Hospital where he received pain medication. It appears that he was initially thought to have acid reflux but subsequently found to be having a heart attack. Plaintiff was transported to St. John's Hospital by ambulance and medical helicopter. He underwent a triple heart bypass surgery at St. John's several days later. He alleges that the bypass surgery had to be put off for several days due to the medication he had been given at Culbertson.

Plaintiff files a lengthy complaint asserting causes of action against all who provided him related care and aid. He also asserts a claim against Doe DHS officials for entering into a contract with Wexford to provide medical treatment to civil detainees at Rushville. It is well established that deliberate indifference to a serious medical need is actionable as a violation of the Eighth Amendment. *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008). A deliberate indifference claim must establish "(1) an objectively serious medical condition; and (2) an official's deliberate indifference to that condition." *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011). Deliberate indifference is proven by demonstrating that a prison official knows of a

substantial risk of harm to an inmate and "either acts or fails to act in disregard of that risk." *Id.* at 751.

Plaintiff's complaint impermissibly attempts to allege § 1983 actions against two private hospitals and a physician's office. "In order to state a cause of action under 42 U.S.C. § 1983, the plaintiff must allege that some person has deprived her of a federal right [and] ... he must allege that the person who has deprived her of the right acted under color of state law." *Brandenberger v. Norfolk S. R. Co.*, No. 10-117, 2010 WL 2346339, at *1 (N.D. Ind. June 7, 2010) (internal citation omitted). Acting "under color of state law" is defined as "[m]isuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Monroe v. Pape,* 365 U.S. 167, 184 (1961). If the alleged infringement is not "fairly attributable to the State" there is no action under §1983. *Rendell–Baker v. Kohn,* 457 U.S. 830, 838 (1982).

A § 1983 claim may be asserted against private individuals who exercise government power only if the actions of that party are effectively directed or controlled by the state, or if the state delegates a public function to the party. A private party's conduct can be considered state action only if there is a sufficiently close nexus between the state and the private conduct so that the action "may be fairly treated as that of the State itself." *Wade v. Byles*, 83 F.3d 902, 904-05 (7th Cir. 1996) (internal citations omitted). Here, Plaintiff fails to allege such a nexus and the Culbertson Hospital, St. John's Hospital and Prairie Cardiovascular Consultant Defendants are DISMISSED.

Plaintiff's claim against the three DHS Doe Defendants also fails to state a claim as his claim that they should not have contracted with Wexford does not allege the DHS Defendants' personal participation in the alleged infringement. *See Pepper v. Village of Oak Park*, 430

3

F.3d 809, 810 (7th Cir. 2005) ("to be liable under § 1983, the individual defendant must have 'caused or participated in a constitutional deprivation.'") Defendants in a § 1983 action can only be held liable for their individual wrongdoing. *Duckworth v. Franzen*, 780 F.2d 645, 650 (7th Cir. 1985). "To recover for damages under 42 U.S.C. § 1983, a plaintiff must establish defendant's personal responsibility for the claimed deprivation of a constitutional right. However, a defendant's direct participation in the deprivation is not required. An official satisfies the personal responsibility requirement of section 1983 if she acts or fails to act with a deliberate or reckless disregard of plaintiff's constitutional rights, or if the conduct causing the constitutional deprivation occurs at her direction or with her knowledge and consent." *Smith v. Rowe*, 761 F.2d 360, 369 (7th Cir. 1985), citing *Crowder v. Lash*, 687 F.2d 996, 1005 (7th Cir. 1982). Here, Plaintiff fails to plead an Eighth Amendment violation against the DHS Defendants and they are DISMISSED.

In his claims against the Schuyler County EMTs and the unidentified Emergency Helicopter Service, Plaintiff attempts to join unrelated claims. While he states a potentially colorable claim against the Rushville Defendants, this is not related to the EMTs and Helicopter personnel who were allegedly deliberately indifferent in transporting Plaintiff. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("[u]nrelated claims against different defendants belong in different suits[.]"). The claims against the Schuyler County EMTs and the Emergency Helicopter Service are DISMISSED for misjoinder.

Plaintiff's complaint is lengthy and names dozens of defendants not amendable to suit under § 1983. Furthermore, he names multiple Doe Defendants without pleading specific complaints against them. As a result, it is not practical to sever the Complaint and it is, therefore, DISMISSED with leave to replead within 30 days, consistent with this Order.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's petition to proceed in forma pauperis [3] is DENIED, with leave to reassert if he files an amended complaint. The Culbertson Hospital, St. John's Hospital, Prairie Cardiovascular Consultant, DHS, Schuyler County EMT, and Emergency Helicopter Service Defendants are DISMISSED.

2. Plaintiff will have 30 days in which to file an amended complaint against the remaining defendants. The Complaint is to be captioned Amended Complaint and to contain all of his claims against the remaining defendants without reference to a prior pleading. He is to identify his particulars claims against the Doe Defendants to aid in their identification.

3. Plaintiff's motions for status [6] and [8] are MOOT. Plaintiff's motion for recruitment of *pro bono* counsel [5] is DENIED with leave to reassert.

ENTERED: 6/19/2017

                                                  _____s/Joe Billy McDade_____
                                                         JOE BILLY McDADE
                                          UNITED STATES DISTRICT JUDGE