E-FILED
Friday, 18 May, 2018  02:50:21 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| EDWARD LATKO, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | No.: 16-cv-4277-JBM |
| | ) | |
| DR. HUGHES LOCHARD, et al., | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

## MERIT REVIEW SECOND AMENDED COMPLAINT

Plaintiff, proceeding *pro se* and detained in the Rushville Treatment and Detention Center, files a second amended complaint and seeks leave to proceed *in forma pauperis*. The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). A court must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court grants leave to proceed in forma pauperis only if the complaint states a federal claim.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (quoted cite omitted).

# ANALYSIS

Plaintiff is civilly detained in the Rushville Treatment and Detention Center pursuant to the Illinois Sexually Violent Persons Commitment Act, 725 ILCS 207/1, *et seq*. Since Plaintiff is a civil detainee rather than convicted prisoner, his § 1983 claim is reviewed under the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment. The standard of review, however, is the same. *Zentmyer v. Kendall County, Ill.,* 220 F.3d 805, 810 (7th Cir. 2000).

Plaintiff's second amended complaint asserts that Dr. Lochard, Nurse Logsdon, STA Cox, four John/Jane Doe STAs and four John/Jane Doe Nurses, were deliberately indifferent to his serious medical needs at the Rushville Detention and Treatment Facility. Plaintiff alleges that on April 1, 2016, he experienced severe pain due to a heart attack and was "screaming and crying in excruciating, agonizing, unbearable pain & suffering." His cellmate used the intercom to contact the officers in the control bubble. Plaintiff claims that Defendant Cox and three other officers were in the bubble laughing and joking, and that they did not respond for 15 minutes or more. As Plaintiff describes Defendants' conduct, it is presumed that he could see and hear them. Consequently, it is presumed that Defendants were able to hear Plaintiff crying out in pain.

Plaintiff alleges that he was placed in a wheelchair and rushed to the healthcare unit. Defendant Nurse Logsdon and four other nurses took Plaintiff's vital signs and called for an ambulance. When the EMTs arrived, Defendant Logsdon or another nurse, told them that Plaintiff was having severe acid reflux. Plaintiff asserts that the ambulance personnel and staff at Culbertson Hospital wrongly treated him for acid reflux based on this incorrect information.

Here, Plaintiff states a colorable claim that Defendant Cox and the three other officers in the bubble were deliberately indifferent in waiting 15 minutes before responding. While he has

named four Doe Officers, he has pled claims only against three. Accordingly, John Doe STA, #4 is DISMISSED. *See Collins v. Kibort,* 143 F.3d 331, 334 (7th Cir.1998) (merely naming a defendant in the caption is insufficient to state a claim.) Plaintiff also names Dr. Lochard, but does not allege any misconduct on his part. Dr. Lochard is dismissed as well.

Plaintiff names nurse Logsdon, and four other nurses, but fails to successfully plead their deliberate indifference. Plaintiff asserts that the nurses took his vital signs, saw the need for hospitalization and called for an ambulance. He does not allege any delay on their part, and fails to plead that they acted with a culpable state of mind. *See Lee v. Young*, 533 F.3d 505, 509 (7th Cir. 2008). While Defendant Logsdon or one of the other nurses allegedly told the EMTs that Plaintiff was suffering from acid reflux, this was merely that nurse's opinion without any inference that she knew of a substantial risk of harm and disregard that risk. *See Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011). Furthermore, a misdiagnosis, by itself, does not constitute Eighth Amendment deliberate indifference. *Williams v. Guzman*, 346 Fed. Appx. 102, 106 (7th Cir. 2009); *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010). Dr. Lochard, Nurse Logsdon, and the four John/Jane Doe Nurses are DISMISSED.

Plaintiff attempts to assert a claim against "Dr. Lochard'[s] bosses" and "upper management staff" for "allowing their employees to continuously do these illegal life and death acts to the plaintiff…" Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park,* 430 F.3d 809, 810 (7th Cir.2005) (citations omitted). The doctrine of *respondeat superior* (supervisor liability) does not apply to actions filed under 42 USC §1983. *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992). These Defendants are DISMISSED as well.

3

Plaintiff makes the conclusory claims that Defendants violated his due process and equal protection rights.  He does not, however, plead a constitutionally recognized liberty or property interest required for a due process claim, *Domka v. Portage County*, 523 F.3d 776, 779–80 (7th Cir. 2008); or the discriminatory intent required for an equal protection claim, *Greer v. Amesqua*, 212 F.3d 358, 370 (7th Cir. 2000).  These allegations will not go forward.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's motion to proceed *in forma pauperis* [21] is GRANTED.  This case shall proceed solely on the claims of deliberate indifference against Defendant Cox and John/Jane Doe STAs #1, #2, and #3.  All other claims will not be included in the case, except in the Court's discretion upon motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.  Dr. Lochard, Nurse Logsdon, John/Jane Doe STA #4, John/Jane Doe Nurses #1-4, Dr. Lochard's bosses, and upper management staff are DISMISSED.

2. The Clerk is directed to send to each Defendant pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and 4) a copy of this Order.

3. If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service on that Defendant and will require that Defendant pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).  If a Defendant no longer works at the address provided by Plaintiff, the entity for which Defendant worked at the time identified in the Complaint shall provide to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address.  This information will be used only for purposes of effecting service.  Documentation of

forwarding addresses will be maintained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

4. Defendants shall file an answer within the prescribed by Local Rule. A Motion to Dismiss is not an answer. The answer it to include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings are to address the issues and claims identified in this Order.

5. Plaintiff shall serve upon any Defendant who has been served, but who is not represented by counsel, a copy of every filing submitted by Plaintiff for consideration by the Court, and shall also file a certificate of service stating the date on which the copy was mailed. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

6. Once counsel has appeared for a Defendant, Plaintiff need not send copies of filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send notice of electronic filing to defense counsel. The notice of electronic filing shall constitute notice to Defendant pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7. Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the depositions.

8. Plaintiff shall immediately notice the Court of any change in mailing address or phone number. The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

9. Plaintiff files [5], a motion for recruitment of pro bono counsel and later filed exhibit [8]. While the exhibit contains a handwritten list of several attorneys' offices, it does not

indicate that Plaintiff contacted them and made attempts to secure counsel on his own. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). [5] is DENIED at this time. In the event Plaintiff renews his motion for appointment of counsel, he is to provide copies of the letters sent to, and received from, the attorneys he has contacted.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO**:

1) ATTEMPT SERVICE ON DEFENDANTS PURSUANT TO THE STANDARD PROCEDURES; AND,

2) SET AN INTERNAL COURT DEADLINE 60 DAYS FROM THE ENTRY OF THIS ORDER FOR THE COURT TO CHECK ON THE STATUS OF SERVICE AND ENTER SCHEDULING DEADLINES.

LASTLY, IT IS ORDERED THAT IF A DEFENDANT FAILS TO SIGN AND RETURN A WAIVER OF SERVICE TO THE CLERK WITHIN 30 DAYS AFTER THE WAIVER IS SENT, THE COURT WILL TAKE APPROPRIATE STEPS TO EFFECT FORMAL SERVICE THROUGH THE U.S. MARSHAL'S SERVICE ON THAT DEFENDANT AND WILL REQUIRE THAT DEFENDANT TO PAY THE FULL COSTS OF FORMAL SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(d)(2).

ENTERED: 5/18/2018

_____ s/ _Joe Billy McDade_____
JOE BILLY McDADE
UNITED STATES DISTRICT JUDGE